# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE LEA HULL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-15-954-R |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed this action seeking review of the decision denying her application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Bernard M. Jones for preliminary review. On October 11, 2016, Judge Jones issued a Report and Recommendation wherein he recommended that the decision of the Commissioner be reversed and the matter be remanded for additional proceedings. The matter is currently before the Court on the Defendant's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Defendant made specific objection. Having conducted this *de novo* review, the Court finds as follows.

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167,

1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted). "Nevertheless, 'if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence.'" *Sedlak v. Colvin,* Thompson *v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Plaintiff raised three issues in appealing the decision of the Commissioner, arguing that the decision of the administrative law judge was in error with regard to: (1) assessment of the opinion of Plaintiff's treating physician, Shantharam Darbe, M.D., a psychiatrist; (2) the assessment of Plaintiff's carpal tunnel syndrome; and (3) the credibility analysis of Plaintiff. Judge Jones' recommendation is based on the first and second issues, and he concluded that it was unnecessary to address the third issue, given his recommendation of remand. With regard to the administrative law judge's assessment of the opinion of Plaintiff's treating physician Judge Jones concluded that the decision was both legally

flawed and not supported by substantial evidence. He concluded the decision was the result of picking and choosing only the evidence that supported a finding that Plaintiff was not disabled as a result of her severe impairment, which he identified as bipolar disorder. Judge Jones further concluded that the administrative law judge failed to complete the required second step of the inquiry into the weight to be given to the opinion of a treating physician, which requires consideration of the factors set forth in 20 C.F.R. § 404.1527(c)(2). Judge Jones further concluded that the Commissioner erred with regard to his assessment of her carpal tunnel syndrome, in part because he failed to consider the functional impact of this non-severe impairment, failing to mention the carpal tunnel syndrome after concluding it was an impairment, albeit a non-severe one. Judge Jones concluded that in light of Plaintiff's testimony that she had difficulty handling and grasping with both hands and the fact that the jobs identified by the administrative law judge require frequent handling, fingering and reaching, that the administrative law judge was required to address Plaintiff's impairments as well as her subjective complaints of pain.

Through its governing regulations, the Social Security Administration informs claimants that, "[g]enerally, we give more weight to opinions from your treating sources...." 20 C.F.R. § 404.1527(c)(2). It explains this is so because these sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s), and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* Tenth Circuit precedent underscores the significance of treating source opinion

evidence, holding that when an administrative law judge "evaluat[es] the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011).

Judge Jones set forth both the first and second steps of the required analysis in the Report and Recommendation. He first concluded that the administrative law judge erred at step one of the process, the conclusion that Defendant attacks in her objection to the Report and Recommendation. Judge Jones next concluded:

> Additionally, the ALJ did not address the second, and analytically distinct, phase of the treating physician analysis. Among other deficiencies, the ALJ failed to address the length of Plaintiff's treatment relationship with Dr. Darbe, the frequency of her treatment and the consistency between Dr. Darbe's opinion and the record as a whole, his expertise as a psychiatrist and pertinent 'other factors" such as the degree of medication Dr. Darbe consistently and continuously prescribed to Plaintiff. Under the circumstances, this court "cannot simply presume the ALJ applied the correct legal standings in considering [Dr. Darbe's] opinion. *Robinson*, 366 F.3d at 1083 (internal quotations and citation omitted).

Report and Recommendation, p. 11. Judge Jones further concluded the error was not harmless.

As noted above, the Commissioner objects to the Report and Recommendation, asserting that Judge Jones' analysis is a reweighing of the evidence which is not permissible, and that her decision that Plaintiff is not disabled is supported by substantial evidence. The Court finds, however, as Judge Jones concluded, and a finding the Commissioner does not challenge, that the administrative law judge failed to employ the proper legal standards because he failed to address the factors mandated by the second step

of the treating physician rule. Particularly, with regard to both steps of the treating physician analysis, the administrative law judge cited only to the evidence that supported his decision. He failed to acknowledge the specifics of the contrary evidence that supported the conclusions of Plaintiff's long time treating physician. "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). The Tenth Circuit has repeatedly held that "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir.2007) (following *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir.2004), and *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir.2004)). As outlined by Judge Jones, this is exactly what the administrative law judge did in Plaintiff's case. Having concluded that this case is subject to remand for the administrative law judge's failure to analyze the opinion of the treating physician, Dr. Darbe, in accordance with the applicable law and regulations, the Court concludes it is unnecessary to consider whether he also erred in regard to his assessment of her carpal tunnel syndrome or his credibility analysis of Ms. Hull. However, as noted by Judge Jones, the applicable regulations require an ALJ to "consider all of [a claimant's] medically determinable impairments ... including [ ] medically determinable impairments that are not 'severe' " in assessing residual functional capacity. 20 C.F.R. § 404.1545(a)(2). The Social Security Administration requires this analysis because "[w]hile a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities,

it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." SSR 96–8p. The administrative law judge limited his discussion of Plaintiff's bilateral carpal tunnel syndrome to step two of the sequential analysis, finding it not severe. Nevertheless, he was required to discuss the functional limits or lack thereof in evaluating Ms. Hull's residual functional capacity.

For the reasons set forth herein, the Report and Recommendation is hereby ADOPTED. The decision of the Commissioner is hereby reversed and this matter is remanded for additional proceedings.

IT IS SO ORDRED this 15th day of December, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE