# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE LEE HULL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>Defendant. [1] ) | Case No. CIV-15-954-R |

## REPORT AND RECOMMENDATION

Plaintiff, Michelle Lee Hull, was the prevailing party in this appeal from the denial of social security benefits by the Commissioner of the Social Security Administration. Plaintiff has now filed an Application for Award of Attorney's Fees under the Equal Access to Justice Act [Doc. No. 30]. Defendant has filed an Objection [Doc. No. 31] and Plaintiff has filed a Reply [Doc. No. 32]. The matter has been re-referred by United States District Judge David L. Russell for proposed findings and recommendations regarding Plaintiff's Application. *See* 28 U.S.C. § 636(b)(3). For the reasons set forth below, it is recommended that Plaintiff's Application be granted.

## Background

Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, Plaintiff seeks a total award of fees in the amount of $7,082.60. That amount represents 2.3 hours of attorney time on the case in 2015 at an hourly rate of $190.00; 30.3 hours of attorney time on the case in 2016 and 2017 at an hourly rate of $192.00; 4.8 hours of paralegal time for work performed in 2015 at

---

[1] Nancy A. Berryhill is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

an hourly rate of $100.00; and 2.9 hours of paralegal time for work performed in 2016 and 2017 at an hourly rate of $120.00. *See* Description of Work Performed [Doc. No. 30-1].

Defendant objects to Plaintiff's Application contending that the Commissioner's position was "substantially justified" and, therefore, Plaintiff is not eligible for an award of fees. Defendant does not object to the number of hours spent on the case, the hourly rates, or the reasonableness of the fees.

## **EAJA Attorney Fees**

EAJA authorizes an attorney fee award where (1) the plaintiff is a prevailing party; (2) the position of the United States was not substantially justified; and (3) no special circumstances exist to render an award of fees unjust. *See Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (*citing* 28 U.S.C. § 2412(d)(1)(A)). Plaintiff is the prevailing party in this action under the Social Security Act, 42 U.S.C. § 405(g), by virtue of the Judgment [Doc. No. 29] entered December 15, 2016, reversing the Commissioner's decision and remanding the matter for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). The parties do not contend special circumstances would render a fee award unjust in this case and the record otherwise discloses no such special circumstances. Thus, the sole issue before the Court is whether the Commissioner's position was substantially justified.

The Commissioner bears the burden of proof to show that her position was substantially justified. *See Hackett*, 475 F.3d at 1172. Under Tenth Circuit precedent, the test for substantial justification "is one of reasonableness in law and fact." *Id*. (citation omitted). "The government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id*. (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government's position "can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable

person could think it correct." *Pierce*, 487 U.S. at 566 n. 2. "A position taken by the ALJ or government that 'contravene[s] longstanding agency regulations, as well as judicial precedent,' is not substantially justified." *Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016). Courts "consider the reasonableness of the position the [Commissioner] took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits." *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992); *see also Hackett*, 475 F.3d at 1172.

### **The Commissioner's Position was not Substantially Justified**

In this case, the ALJ's decision reflects a failure to follow long-standing agency regulations and judicial precedent. The Court's remand was based on this very failure. The ALJ failed to discuss significant probative evidence, engaged in impermissible "picking and choosing" from the record and failed to address the second, and analytically distinct, phase of the treating physician analysis. Defendant acknowledges these factual and legal errors as the basis for remand. *See* Def.'s Obj. at p. 8, 9.

Yet, Defendant proceeds to reurge the arguments made in her prior briefing to this Court on appeal of the Commissioner's decision as a basis for contending the position of the government was substantially justified. Defendant states: "[a]lthough the Commissioner's above contentions may be reiterations of her previous positions in some respects, it is not the facts or the ultimate merits of the case, but rather, the standard of review utilized that differs as between the court's determination on the merits and its determination on the fee issue currently before it." *See* Def.'s Obj. at p. 14. Defendant, however, fails to explain this position or articulate any basis for this Court to find the Commissioner's position was substantially justified. Notably, Defendant reargues the factual record, but wholly ignores the ALJ's legal errors that required remand.

3

Moreover, with respect to Defendant's prior briefing before the Court, the undersigned expressly noted that the Commissioner impermissibly attempted to "recast Plaintiff's first claim of error", i.e., that the ALJ committed reversible legal error by failing to properly evaluate the opinion of her treating psychiatrist, and instead "disingenuously" addressed "whether the ALJ 'reasonably considered medical evidence opinions.'" *See* R&R at p. 6 n. 4 (*citing* Def.s Br. [Doc. No. 24] at p. 4). The undersigned also noted the Commissioner impermissibly attempted to provide post-hoc rationales in support of the ALJ's decision. *See id.* (*citing* Def.'s Brf. at pp. 7-10)). Thus, not only is their grounds for finding the position of the government -- as set forth in the ALJ's decision -- is not substantially justified, but further, the Commissioner's briefing before this Court demonstrates a litigation position that is not substantially justified.

Under these circumstances, the Court concludes Defendant has failed to meet her burden of showing that the Commissioner's position was reasonable in law and fact. The Court concludes, therefore, that the government's position was not substantially justified.

### Reasonableness of the Attorney Fee Request

As noted, Defendant does not object to the number of hours spent on the case, the hourly rates, or the reasonableness of the fees. Plaintiff's counsel has provided a description of the work performed, *see* Doc. No. 30-1, and the Court finds the hours expended are reasonable.2 Plaintiff's counsel also seeks an upward adjustment of the statutory rate for attorney fees and has submitted proper documentation demonstrating that the rates requested correspond to the authorized maximum hourly rate for attorney work in Oklahoma for the respective time periods governing

---

2 Plaintiff's attorney (exclusive of paralegal time) expended a total of 32.5 hours on this case which appears to be a reasonable number of hours. *Compare Lavoie v. Colvin*, No. 14-1352-JWL, 2016 WL 4181323 at *3 (D. Kan. Aug. 8, 2016) (unpublished op.) ("As judges in this district have noted for more than twenty years, a typical number of hours claimed in EAJA applications in 'straightforward' disability cases is between thirty and forty hours.").

services rendered by Plaintiff's attorney. *See* Memorandum, Social Security Office of the General Counsel [Doc. No. 30-4]. Therefore, upon consideration of the parties' submissions, the case record and the governing law, the Court finds that the fee request is reasonable.

## Conclusion

Plaintiff is the prevailing party and entitled to an attorney fee award under the EAJA. Defendant has failed to demonstrate the Commissioner's position was substantially justified and no special circumstances exist that would render an award of attorney fees unjust. With respect to the amount of the fee request, the Court concludes the hours expended and the hourly rates charged are fair and reasonable for the work performed and the results obtained.

It is therefore recommended that Plaintiff's application for attorney fees in the amount of $7,082.60 be granted. If this Report and Recommendation is adopted by the District Court, it is further recommended that the government be ordered to pay the aforementioned attorney fees to Plaintiff as the prevailing party.[3] If Plaintiff's counsel should receive additional fees pursuant to 42 U.S.C. § 406(b), counsel should be ordered to refund the smaller amount to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

---

[3] The Tenth Circuit has held that EAJA fees must be paid to the plaintiff and not to the plaintiff's attorney. *Manning v. Astrue*, 510 F.3d 1246, 1249-55 (10th Cir. 2007). Therefore, the request in the Application that fees be paid to Plaintiff's attorney based on a contractual assignment should be denied. *See* Appl. at p. 13. The assignment "does not overcome the clear EAJA mandate that the award is to [the plaintiff] as the prevailing party." *Winslow v. Astrue*, 269 F. App'x 838, 839 (10th Cir. 2008); *see also Hall v. Astrue*, 272 F. App'x 701, 702 (10th Cir.2 008) ("The private contractual agreement between [the plaintiff] and his counsel is a collateral matter, which the district court was not required to address when considering the EAJA fees motion."); *Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. 2008) (unpublished) ("The district court correctly held that [the plaintiff's] assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him. Thus, the district court correctly declined to award the fees directly to counsel.").

## RECOMMENDATION

It is recommended that Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Doc. No. 30] be granted, as more thoroughly set forth above.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 4, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 20th day of April, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE