# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| MICHELLE LEA HULL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CIV-15-954-R |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## ORDER

On December 15, 2016, the Court entered its Judgment reversing the Commissioner's final decision denying Plaintiff Michelle Hull's application for disability insurance benefits and remanding the case for further proceedings. Plaintiff thereafter sought an award of attorney and paralegal fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 30), which she supplemented on May 9, 2017 (Doc. No. 37). Defendant, the Acting Commissioner of the Social Security Administration, opposes Plaintiff's request for EAJA fees. The Court referred the fee issue to Magistrate Judge Bernard M. Jones for review, and on April 20, 2017, Judge Jones issued a Report and Recommendation wherein he recommended the fee award be granted. The matter is currently before the Court on the Commissioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which specific objection is made. Having conducted this *de novo* review, the Court finds as follows.

The Court must award reasonable attorneys' and paralegal fees to Plaintiff "if: (1) [she] is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993) (noting that reasonable fees for work performed by paralegals are recoverable under the EAJA). Here, the only contested issue is whether the Commissioner's position defending the agency's unfavorable decision on the merits was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (internal quotation marks omitted). The Commissioner's "position can be justified even though it is not correct, and ... it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). The government bears the burden of establishing that its position was substantially justified, and it must justify both its position in the underlying administrative proceedings and this court litigation. *Hackett*, 475 F.3d at 1169-70. In evaluating whether the government's position was substantially justified, the focus is on the issue that led to remand, rather than the ultimate issue of disability. *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995). Therefore, the government must justify both its position in the underlying administrative proceedings and its position in any subsequent court litigation. *Hackett*, 475 F.3d at 1170. Consequently, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable

2

litigation position. *Id.* at 1174 (*quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)).

The Court reversed the decision of the Commissioner in this case because the administrative law judge failed to properly address the opinion of Plaintiff's treating physician, and he picked through the medical records, choosing entries from the treating physician's records that supported his ultimate conclusion that Ms. Hull was not disabled while seemingly ignoring evidence in the same records that supported her contention of disability. The law requires the administrative law judge to "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v.* Chater, 79 F.3d 1007, 1009 (10th Cir. 1996); *see also Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007)(it is error to ignore evidence supporting a finding of disability while highlighting the evidence that favors a finding of nondisability). It is error to pick and choose among medical reports and use only the favorable portions thereof. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). This legal error, which was the basis for remand, leads the Court to conclude that the decision of the administrative law judge was not arguably defensible. As such, the Court finds that the Commissioner has failed to meet her burden to establish that she was substantially justified both at the administrative level and in this litigation.

The Commissioner takes issue with Judge Jones' conclusion that her position before the Court was not substantially justified, because she "impermissibly attempted to 'recast Plaintiff's first claim of error', i.e., that the ALJ committed reversible legal error by failing to properly evaluate the opinion of her treating psychiatrist, and instead 'disingenuously'

3

addressed 'whether the ALJ reasonably considered medical evidence opinions.'" Report and Recommendation, Doc. No. 34, p. 4. (quoting Report and Recommendation Doc. No. 25)(further citation omitted). She asserts in the objection:

> The Magistrate Judge also characterizes as disingenuous the Commissioner's arguments in her brief with respect to Dr. Darbe's opinion, citing the Commissioner's broad subheading referencing the ALJ's reasonable consideration of medical source opinions, but disregards the Commissioner's specific and extensive contentions as to Dr. Darbe's evidence and opinion and the ALJ's consideration of such.

Doc. No. 35, p. 3 (citations omitted). The Court disagrees with the Commissioner's contention that Judge Jones' recommendation is based solely on the broad subheading of her argument. The entire section of the Commissioner's brief addresses the evidence supporting the administrative law judge's decision and concludes by noting that "[t]he above favorable objective medical findings provided substantial evidence supporting the Commissioner's decision." Doc. No. 24, p. 7. This argument, however, was not directly responsive to the issues raised by Plaintiff.[1]

The Court finds that given the legal errors described in both the Report and Recommendation recommending reversal and the current Report and Recommendation that the Commissioner has failed to show that her position was substantially justified. As

---

[1] The Commissioner also contends the Magistrate Judge failed to respond to a particular argument, presented in her brief in opposition to Plaintiff's fee request. (See Doc. No. 35, p. 4-5). Defendant argued:
> The Tenth Circuit has recognized an exception to the general rule (that EAJA fees should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position) when the government advances a reasonable litigation position that cures unreasonable agency action, and in the Social Security context, has interpreted that exception to include when the Commissioner reasonably, even if unsuccessfully, argues in litigation that the ALJ's errors were harmless. *See Evans*, 2016 WL 362438, *1.

Doc. No. 31, p. 13. The Magistrate Judge concluded the government's litigation position was not reasonable, and thus its position could not have cured unreasonable agency action. Furthermore, the Commissioner did not truly develop this argument, which was limited to the above language.

4

a result, EAJA fees are appropriate and the Report and Recommendation is hereby ADOPTED. Because there was no objection by the Commissioner to the amount of Plaintiff's initial fee request, $7,082.60, he recommended that full amount be granted. Plaintiff has now supplemented her fee request to include fees for the time allocated to litigating the current fee dispute, and as a result seeks a total of $8,375.50. The additional amount of fees is appropriate under *Commissioner, INS v. Jean*, 496 U.S. 154, 159 (1990). Accordingly, the Court hereby GRANTS both the initial motion and the supplement. Plaintiff is hereby awarded $8,370.50 in fees.

Pursuant to the Commissioner's usual practice, the check should be made payable to Plaintiff Hull and mailed to counsel's address. *See Manning v. Astrue*, 510 F.3d 1246, 1254–55 (10th Cir. 2007) (the award of EAJA attorney's fees is to claimant and not to the attorney). If attorney fees are also awarded and received by counsel under 42 U.S.C. § 405(b) of the Social Security Act, counsel shall refund the smaller award to plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDRED this 12th day of May, 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE